IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,800






EX PARTE SHAMANE FORCEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2002-023 IN THE 274TH DISTRICT COURT


FROM CALDWELL COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty-five (25) years' imprisonment. He did not appeal his conviction. 

 Applicant contends inter alia that counsel rendered ineffective assistance because counsel
failed to file a timely notice of appeal. 

 On May 5, 2007, this Court remanded this application to the trial judge for findings of fact
and conclusions of law. On July 31, 2007, the trial judge conducted a habeas hearing. The trial
court has entered findings of fact and conclusions of law recommending inter alia that this Court
grant Applicant an out-of-time appeal. 

 The record shows that Applicant did not waive his right to appeal because the punishment
assessed exceeded the amount agreed upon in the plea bargain agreement. Also, the record shows
that Applicant expressed an intent to appeal, but that counsel failed to perfect the appeal by filing
a timely notice of appeal. 

 Relief is granted. We find that Applicant is entitled to the opportunity to file an out-of-time
appeal of the judgment of conviction in Cause No. 2002-023 from the 274th Judicial District Court
of Caldwell County. Applicant is ordered returned to that time at which may give a written notice
of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits
shall be calculated as if the sentence had been imposed on the date on which the mandate of this
Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative
steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).


Delivered: November 21, 2007

Do Not Publish